IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THOMAS L. HONEYCUTT,      )
      )
    Plaintiff,      )
      )
v.      )    Case No. CIV-08-140-W
      )
JOHN W. MITCHELL, *et al.*,      )
      )
    Defendants.      )

**REPORT AND RECOMMENDATION
CONCERNING THE SUMMARY JUDGMENT MOTIONS
BY DEFENDANTS MITCHELL AND WILSON**

Mr. Thomas Honeycutt sues under 42 U.S.C. § 1983 for:

●     excessive force by John Mitchell,

●     failure of Dana Wilson to intervene during the use of excessive force, and

●     failure of Mr. Mitchell to authorize adequate medical care for the injuries inflicted in the beating.

Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2, 4, 6 (Apr. 15, 2008)

("Amended Complaint"). Defendants Mitchell and Wilson have moved for summary

judgment, and the Court should grant the motions.

STANDARD FOR SUMMARY JUDGMENT

As movants, Officers Mitchell and Wilson bear the burden of establishing their right

to summary judgment as a matter of law. *See Trainor v. Apollo Metal Specialties, Inc.*, 318

F.3d 976, 982 (10th Cir. 2002). Summary judgment is necessary when "the pleadings, the

discovery and disclosure materials on file, and any affidavits[1] show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c).

ALLEGED USE OF EXCESSIVE FORCE

Mr. Honeycutt alleges that Defendant Mitchell used excessive force during the

Plaintiff's arrest and that Defendant Wilson failed to intervene. *See supra* p. 1. Both officers

argue in part that the evidence shows as a matter of law that the force used was not

excessive.[2]  They are correct.

I.    Standard for Evaluation of Claims Involving Excessive Force

Generally, the Eighth Amendment prevents "'the unnecessary and wanton infliction

of pain . . . .'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation omitted).  In excessive

force cases, constitutionality "turns on 'whether force was applied in a good faith effort to

maintain or restore discipline or maliciously and sadistically for the very purpose of causing

harm.'" *Id.* at 6 (citation omitted).  "When prison officials maliciously and sadistically use

---

[1]    For purposes of summary judgment, Mr. Honeycutt's verified amended complaint is treated as an affidavit.  *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*).

[2]    Defendant Wilson alternatively sought summary judgment on grounds that he was not the officer shown in the videotape with Officer Mitchell.  *See* Defendant Dana Wilson's Brief in Support of Motion for Summary Judgment at p. 4 (Nov. 10, 2008) ("Defendant Wilson's Motion for Summary Judgment").  The parties disagree on whether further discovery should be conducted on the issue.  But in light of the recommendation for summary judgment to Defendant Wilson on other grounds, the Court need not address his alternative argument for summary judgment.

force to cause harm, contemporary standards of decency always are violated." *Id.* at 9 (citation omitted).

II.    Application of the Standard

In a verified complaint, Mr. Honeycutt alleged that:

- he had a pre-existing back injury and told Officer Mitchell of the problem,

- the Plaintiff had not resisted the arrest and had told Officer Mitchell in advance that there would be no resistance,

- Officer Mitchell had nevertheless "slammed" the Plaintiff into the side of the truck, "jerked" him backward, "slammed" an elbow into the back, applied handcuffs, and jerked Mr. Honeycutt around, and

- Officer Wilson saw the entire episode and took no steps to intervene.

Amended Complaint at pp. 2, 4, 6.

In his deposition, the Plaintiff reiterated: "I told Officer Mitchell that I had previously had a back injury, to be careful, that I would not interfere in a search or anything." Plaintiff's Response to Defendant John W. Mitchell's Motion for Summary Judgment, Exh. 1 at p. 60 (Dec. 5, 2008) ("Plaintiff's Response to Defendant Mitchell's Motion for Summary Judgment"). Mr. Honeycutt testified that despite his statement:

> [Officer Mitchell] kicks my feet apart and then pat searches me and then grabs a hold of my belt and kind of holding me then reaches in my pocket and finds a battery and when he found the battery he throwed [sic] the battery down and jerked me backwards and then slammed me up against the truck and then elbowed me.

*See id.*, Exh. 1 at p. 61.

3

Officers Mitchell and Wilson have provided conflicting evidence in the form of a videotape of Mr. Honeycutt's arrest.  The tape captures the entirety of the arrest and plainly contradicts the Plaintiff's version of events.  While the videotape is dark and the sound is occasionally muffled, it clearly shows that Officer Mitchell did not "slam" the Plaintiff into the side of the truck, did not "jerk" Mr. Honeycutt backwards, did not "slam" an elbow into the Plaintiff's back, and did not "jerk" the Plaintiff around after he was handcuffed.  *See* Defendant John W. Mitchell's Summary Judgment Brief, Exh. 3 (Nov. 7, 2008) ("Defendant Mitchell's Summary Judgment Brief").  In fact, the videotape depicts Mr. Honeycutt and Officer Mitchell as calm, controlled, and unexcited.  There are no signs of a scuffle or struggle and no loud, angry or aggressive sounds from either Officer Mitchell or the Plaintiff. *See id.*

Mr. Honeycutt argues that because his testimony and the videotape conflict, material facts are in dispute and summary judgment is precluded.[3]  Plaintiff's Response to Defendant Mitchell's Motion for Summary Judgment at p. 13.  The argument assumes a conventional

---

[3]     Mr. Honeycutt also challenges the weight of the videotape evidence, complaining that the recording is dark, voices are sometimes inaudible, and some "thunks" are unexplained.  Plaintiff's Response to Defendant Mitchell's Motion for Summary Judgment at pp. 2-3, 4-5, 7, 12-13.  The videotape is indeed dark and voices are sometimes difficult to hear.  But the videotape clearly shows that Officer Mitchell did not conduct himself in the manner described by Mr. Honeycutt.  In these circumstances, the Court cannot "'accept unreasonable inferences or sheer speculation as fact.'" *Mann v. Yarnell*, 497 F.3d 822, 827 (8th Cir. 2007) (citation omitted) (rejecting the plaintiff's attempt to create a genuine issue of material fact based on darkness of the videotape and the existence of unintelligible parts of the audio).

4

conflict in the evidence.  The situation is different when one participant's account is contradicted by a videotape of the incident.

In *Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769 (2007), the plaintiff accused law enforcement officers of using excessive force in the form of a high-speed chase.  *See Scott v. Harris*, 127 S. Ct. at 1773.  On the defendants' motion for summary judgment, the court faced conflicting evidence.  The plaintiff alleged that he remained in control of his vehicle, slowed for stops and turns, and never posed a threat to pedestrians or other traffic.  *See id.* at 1775.  In return, the officers presented a videotape of a high-speed chase which showed the plaintiff engaged in "a Hollywood-style car chase of the most frightening sort, placing police officers and innocent bystanders alike at great risk of serious injury."  *Id.* at 1775-76 (footnote omitted).

In addressing an appeal on the defendants' summary judgment motion, the Supreme Court concluded that "[the plaintiff's] version of events [was] so utterly discredited by the record that no reasonable jury could have believed him."  *Id.* at 1776.  Thus, the Court held:

> When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.*

*Scott v. Harris* controls.  Mr. Honeycutt has presented his own testimony concerning the alleged use of force.  But the videotape of his arrest clearly contradicts that version of events.  *See supra* p. 4.  As in *Scott*, no reasonable juror could watch the videotape of the

Plaintiff's arrest and believe his testimony.  Consequently, the Court should conclude that there are no material facts in dispute on the excessive force claim.[4]

The videotape evidence shows as a matter of law that Officer Mitchell did not use excessive force against Mr. Honeycutt during the arrest.  *See* Defendant Mitchell's Summary Judgment Brief, Exh. 3.  Therefore, the Court should grant Defendant Mitchell's motion for summary judgment on the claim of excessive force.  *A fortiori*, the Court should grant Defendant Wilson's motion for summary judgment on the claim involving his alleged failure to intervene.[5]

## ALLEGED FAILURE TO AUTHORIZE MEDICAL CARE

Officer Mitchell is also entitled to summary judgment on the claim involving sufficiency in medical care.[6]

---

[4]  *See Miller v. Jensen*, 2007 WL 1574761, Westlaw op. at 4 (N.D. Okla. May 29, 2007) (unpublished op.) (granting summary judgment to the defendant because a videotape clearly depicted the events in question and no reasonable juror could believe the plaintiff's version of events).

[5]  *See Ellis v. City of Lindsay*, 166 F.3d 347, 1998 WL 879818, Westlaw op. at 6 (10th Cir. Dec. 17, 1998) (unpublished op.) ("Our conclusion that Officer Blair did not use excessive force forecloses any claim that plaintiff may have that Officer Holloway could be liable for failing to intervene on plaintiff's behalf." (citation omitted)); *Paul v. City of Altus*, 141 F.3d 1185, 1998 WL 94606, Westlaw op. at 3 (10th Cir. Mar. 5, 1998) (unpublished op.) ("Having failed to establish a case of excessive force against Officers Gilpatrick and Howland, plaintiff has no claim against the remaining officers for 'failure to intervene' to prevent the use of such force." (citation & footnote omitted)).

[6]  Mr. Honeycutt clarified that the claim for lack of immediate medical attention did not apply to Defendant Wilson.  *See* Plaintiff's Response to Defendant Dana Wilson's Motion for Summary Judgment at p. 12 (Dec. 8, 2008).  Thus, Mr. Wilson's argument on this claim is moot.

In the amended complaint, Mr. Honeycutt alleged that he had told each defendant about back problems and each delayed examination by a doctor for over 40 days. Amended Complaint at p. 4. Mr. Honeycutt adds that he was also unable to obtain medical aid for a hernia during the pendency of this litigation. *Id.*

To establish a violation of the Eighth Amendment, Mr. Honeycutt must show that Defendant Mitchell was deliberately indifferent to the Plaintiff's serious injury. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

In his summary judgment motion, Mr. Mitchell asserted the following undisputed facts and supported them with affidavits or deposition testimony:

- Mr. Mitchell remained at the scene while Mr. Honeycutt was transported to the jail.[7]

- When booked in at the jail, Mr. Honeycutt reported no injuries to Mr. Mitchell.[8]

Mr. Honeycutt expressly declined to dispute these factual allegations on the part of Mr. Mitchell. Plaintiff's Response to Defendant Mitchell's Motion for Summary Judgment at pp. 8-9. Without any dispute, the Court should treat Mr. Mitchell's two factual allegations as true for purposes of the summary judgment motion.

---

[7]     Defendant Mitchell's Summary Judgment Brief at p. 4.

[8]     Defendant Mitchell's Summary Judgment Brief at p. 7.

Mr. Honeycutt argues that he had repeatedly told Mr. Mitchell and others about back pain and had asked to go to the hospital. *Id.* at p. 17. This argument is inconsistent with the two factual allegations conceded in the Plaintiff's response brief.

In his response brief, Mr. Honeycutt refers to pages 82-83, 85, and 89 of his deposition. *Id.* At pages 82 and 83, Mr. Honeycutt testified that he had told Mr. Mitchell about back pain and asked for a hospital visit as he was being driven to the jail. *Id.*, Exh. 1 at pp. 82-83. But as noted above, Mr. Honeycutt later conceded that when he was driven to the jail, Mr. Mitchell had remained at the scene of the stop. *See supra* p. 7.

On page 85 of the deposition, Mr. Honeycutt testified that he had told Mr. Mitchell about back pain during the book-in process. Plaintiff's Response to Defendant Mitchell's Motion for Summary Judgment, Exh. 1 at p. 85. But as noted above, the Plaintiff later conceded that when he was booked in at the jail, he reported no injuries to Mr. Mitchell. *See supra* p. 7.

At page 89 of the deposition, Mr. Honeycutt testified that during the book-in process he had expressed the need for a doctor. Plaintiff's Response to Defendant Mitchell's Motion for Summary Judgment, Exh. 1 at p. 89. But Mr. Honeycutt acknowledged that he did not know who the officer was. *Id.* And Mr. Mitchell stated under oath that he had not been told about any back injury during the book-in process. Defendant Mitchell's Summary Judgment Brief, Exh. 2 at p. 5 ¶ 32, Exh. 4. Thus, Mr. Mitchell's sworn account is undisputed.

The Plaintiff does not identify any other evidence involving disclosure of a back injury to Mr. Mitchell during the book-in process.  And the videotape belies the Plaintiff's allegation that he had told Mr. Mitchell about a back injury at the scene of the traffic stop. *See supra* pp. 4-6; Defendant Mitchell's Summary Judgment Brief, Exh. 3.

Officer Mitchell stated under oath that he had not been told about back pain.  The Plaintiff asserts that he told Mr. Mitchell about the back problem, but no evidence exists to support the assertion.  Thus, Mr. Mitchell cannot incur liability for deliberate indifference to the Plaintiff's alleged medical needs.  Mr. Mitchell is entitled to summary judgment on this claim.

## RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should grant summary judgment to Defendants Mitchell and Wilson.

The parties can object to the present report and recommendation.  Any such objection must be filed with the Clerk of this Court by April 20, 2009.  *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling.[9]

## STATUS OF THE REFERRAL

The referral is not terminated.

---

[9]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 31st day of March, 2009.

Robert E. Bacharach
United States Magistrate Judge