IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS L. HONEYCUTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN W. MITCHELL, *et al.*, )<br>)<br>Defendants. ) | Case No. CIV-08-140-W |

# REPORT AND RECOMMENDATION
## CONCERNING THE PLAINTIFF'S MOTION FOR
## SUMMARY JUDGMENT AGAINST DEFENDANT RINGGOLD

Mr. Thomas Honeycutt moves for summary judgment against Ms. Stephanie Ringgold on the claims involving jail conditions, lack of medical attention, inadequacy in the grievance procedure, and deficiencies in the meals.[1] This motion should be denied.

### MS. RINGGOLD'S ALLEGED FAILURE TO TIMELY
### RESPOND TO THE AMENDED COMPLAINT

In part, Mr. Honeycutt believes that he is entitled to summary judgment based on Ms. Ringgold's failure to timely respond to the amended complaint.[2] Even if a failure to timely respond could justify summary judgment, Mr. Honeycutt's request would be invalid.

---

[1]   Motion for Summary Judgement Against Defendant Ringgold at p. 1 (July 14, 2008).

[2]   Motion for Summary Judgement Against Defendant Ringgold at pp. 1, 4 (July 14, 2008).

On July 2, 2008, Ms. Ringgold moved for leave to respond to the amended complaint.[3] Mr. Honeycutt did not respond, and the Court granted the motion and authorized the filing of an answer by July 25, 2008.[4] The answer was filed three days before the deadline.[5] Thus, Mr. Honeycutt is not entitled to summary judgment based on a failure to timely respond to the amended complaint.

## STANDARD FOR SUMMARY JUDGMENT

In light of the invalidity of the timeliness argument, the Court must assess Mr. Honeycutt's summary judgment motion on the merits. In connection with this assessment, Mr. Honeycutt bears the burden[6] to "show that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law."[7] In determining whether Mr. Honeycutt has satisfied this burden, "[t]he [C]ourt views the record and draws all favorable inferences in the light most favorable" to Ms. Ringgold, as the non-moving party.[8]

---

[3]   Ms. Ringgold stated that she had not been served, but authorized her counsel to accept service and file the answer. Defendant Stephanie Ringgold's Motion for Leave of Court to Answer, and Brief in Support at p. 2 n.1 (July 2, 2008).

[4]   *See* Order (July 11, 2008).

[5]   *See* Kay County Detention Facility Administrator Stephanie Ringgold's Answer to Plaintiff's Amended Complaint (July 22, 2008).

[6]   *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002).

[7]   Fed. R. Civ. P. 56(c).

[8]   *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

The burden of persuasion falls on the Plaintiff for the elements of a *prima facie* case.[9] Thus, he incurs a "stringent" burden to "establish, as a matter of law, all essential elements of the issue before the [Defendant] can be obligated to bring forward any specific facts alleged to rebut the movant's case."[10]

### CLAIMS INVOLVING DENIAL OF MEDICAL CARE AND DEFICIENCIES IN THE GRIEVANCE PROCESS

The undersigned has recommended summary judgment to Ms. Ringgold on the claims involving lack of medical care and deprivation of due process through interference with the grievance process.[11] If the prior report is adopted, the Plaintiff's summary judgment motion would become moot on these claims.

### CLAIMS AGAINST MS. RINGGOLD FOR CONFINEMENT IN A CELL WITH LEAKING SEWAGE AND ACID

In part, the Plaintiff alleges violation of the Eighth Amendment through the need to spend three nights in a cell with raw sewage and acid leaking from the drain.[12] The Plaintiff is not entitled to summary judgment on this claim.

---

[9] *See Doe v. Bagan*, 41 F.3d 571, 573 (10th Cir. 1994) (stating that the plaintiffs bear the burden of proof on the essential elements of their case in a claim involving Section 1983).

[10] *See Pelt v. Utah*, 539 F.2d 1271, 1280 (10th Cir. 2008) (citation omitted).

[11] Report and Recommendation Concerning the Motion for Summary Judgment by Defendants Ringgold and Alberty at pp. 3-13, 19-20 (Apr. 3, 2009).

[12] Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Apr. 15, 2008).

I.   The Constitutional Standard

The Eighth Amendment "prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain . . . .'"[13] To prevail on such a claim, a prisoner must show that officials had acted with a "'sufficiently culpable state of mind'" and that "the alleged wrongdoing [had been] objectively 'harmful enough' to establish a constitutional violation."[14]

II.   Material Facts as Construed in Favor of Defendant Ringgold

The evidence would reasonably allow the fact-finder to conclude that:

- officials had attempted to repair the leak when informed of the problem;[15]

- officials had called for maintenance to fix the problem when they learned that the acid and raw sewage were continuing to leak from the drain;[16]

- Mr. Honeycutt was allowed to remain outside of the cell during the day, but needed to sleep in the cell for three nights while the problem was being resolved;[17]

---

[13]   *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted).

[14]   *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citation omitted).

[15]   *See* Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Apr. 15, 2008); Motion for Summary Judgment of Defendants Stephanie Ringgold and Shirley Alberty, and Brief in Support at p. 6 & Exh. 1 at p. 151 (Nov. 10, 2008); Plaintiff's Response to Defendants Stephanie Ringgold and Shirley Alberty's Motion for Summary Judgment at p. 5 & Exh. 1 at p. 147 (Dec. 8, 2008).

[16]   *See* Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Apr. 15, 2008); Motion for Summary Judgment of Defendants Stephanie Ringgold and Shirley Alberty, and Brief in Support at pp. 6-7 & Exh. 1 at p. 152, Exh. 2 at p. 3 (Nov. 10, 2008).

[17]   *See* Motion for Summary Judgment of Defendants Stephanie Ringgold and Shirley Alberty, and Brief in Support at p. 7 & Exh. 1 at pp. 151-52, 176 (Nov. 10, 2008); Plaintiff's Response to Defendants Stephanie Ringgold and Shirley Alberty's Motion for Summary Judgment at p. 5 & Exh.

- officials had told the Plaintiff that he could not be moved because of the absence of vacancies in the other cells;[18] and

- Mr. Honeycutt has no reason to believe that any other cells were available.[19]

III. Application to Mr. Honeycutt's Request for Summary Judgment

To prevail on his motion for summary judgment, Mr. Honeycutt must establish the objective and subjective components of the Eighth Amendment.[20] The Court may assume *arguendo* that the objective component was established. Still, the Plaintiff would need to present evidence that Ms. Ringgold had acted with a culpable state of mind.[21] Construed in a light favorable to Ms. Ringgold, the evidence could lead to findings that prison officials had:

- attempted to remedy the situation;

- sent maintenance personnel to the cell to fix the leak; and

- lacked another cell to house Mr. Honeycutt while the leak was being repaired.[22]

---

1 at p. 151 (Dec. 8, 2008).

[18] Motion for Summary Judgment of Defendants Stephanie Ringgold and Shirley Alberty, and Brief in Support at p. 7 & Exh. 1 at p. 174 (Nov. 10, 2008).

[19] Plaintiff's Response to Defendants Stephanie Ringgold and Shirley Alberty's Motion for Summary Judgment, Exh. 1 at p. 174 (Dec. 8, 2008).

[20] *See supra* p. 4.

[21] *See supra* p. 4.

[22] *See supra* pp. 4-5.

From this evidence, the trier of fact could conclude that Ms. Ringgold had not acted with deliberate indifference. The reasonableness of this finding should prevent summary judgment for Mr. Honeycutt on the claim.

## CLAIMS INVOLVING DEFICIENCIES IN THE MEALS

In the summary judgment motion, Mr. Honeycutt states that his claims against Ms. Ringgold include deficiencies in the meals.[23] The Plaintiff is not entitled to summary judgment on this claim based on the absence of evidence involving Ms. Ringgold's culpability and the lack of an underlying constitutional violation.

First, the Plaintiff has not presented any evidence regarding Ms. Ringgold's failure to intervene in the denial of utensils or withholding of food. The absence of such evidence is fatal to Mr. Honeycutt's argument for summary judgment on this issue.

Second, Mr. Honeycutt has not presented evidence of an underlying constitutional violation with respect to the denial of utensils or withholding of food.

"In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation . . . ."[24] On the claims involving the meals, the

---

[23] In the amended complaint, Mr. Honeycutt attributed this claim to Shirley Alberty rather than Stephanie Ringgold. Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Apr. 15, 2008). But in the summary judgment motion, Mr. Honeycutt appears to implicate Ms. Ringgold in the claim, stating: "Defendant Ringgold failed to intervene into the kitchen supervisor's refusal to supply the eating utensils, to eat the meals with. Along with parts of meals that defendant Alberty elected to withhold for the reasons that Defendant Alberty was mad." Motion for Summary Judgement Against Defendant Ringgold at p. 4 (July 14, 2008).

[24] *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (citation omitted)

undersigned has recommended summary judgment to Ms. Alberty based on the absence of a constitutional violation.[25]  The absence of an underlying constitutional violation would foreclose liability for Ms. Ringgold's alleged failure to intervene.[26]

### RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should deny the Plaintiff's motion for summary judgment on the claims involving jail conditions, lack of medical attention, inadequacy in the grievance procedure, and deficiencies in the meals.[27]

The parties can object to the present report.  Any such objection must be filed with the Clerk of this Court by April 29, 2009.[28]  The failure to timely object would foreclose appellate review of the suggested ruling.[29]

### STATUS OF THE REFERRAL

The referral is terminated.

---

[25]  Report and Recommendation Concerning the Motion for Summary Judgment by Defendants Ringgold and Alberty at pp. 18-19 (Apr. 3, 2009).

[26]  *See Ford v. Fleming*, 229 F.3d 1163, 2000 WL 1346392, Westlaw op. at 2 (10th Cir. Sept. 19, 2000) (unpublished op.) (holding that claims involving a failure to intervene were "precluded by the jury's conclusion that no constitutional violations [had taken] place" (citation omitted)); *see also* Report and Recommendation Concerning the Summary Judgment Motions by Defendants Mitchell and Wilson at p. 6 n.5 (Mar. 31, 2009) (citing cases with respect to the absence of liability for failure to intervene when there was no underlying constitutional violation in the use of force).

[27]  Doc. 82.

[28]  *See* W.D. Okla. Local Civil Rule 72.1.

[29]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 9th day of April, 2009.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge