FILED
MAY 20 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS L. HONEYCUTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-08-140-W |
| ) | |
| JOHN W. MITCHELL et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On March 31, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation regarding the Motions for Summary Judgment filed pursuant to Rule 56(c), F.R.Civ.P., by defendant John W. Mitchell, who was sued in both his individual and official capacities, and by defendant Dana Wilson. Magistrate Judge Bacharach recommended that the Court grant both motions and enter judgment in these defendants' favor and against plaintiff Thomas L. Honeycutt. The parties were advised of their right to object, and the matter now comes before the Court on Honeycutt's Objection to Report and Recommendation. Upon de novo review of the record, the Court concurs with the ultimate disposition of each defendant's Motion for Summary Judgment suggested by Magistrate Judge Bacharach.

In his amended complaint,[1] Honeycutt, who was then proceeding pro se, alleged that Mitchell, a police officer employed by the City of Blackwell, Oklahoma, used excessive force when Mitchell arrested him on September 30, 2007, in violation of the fourth

---

[1] Because the parties are familiar with the events giving rise to this lawsuit and because Magistrate Judge Bacharach set forth the relevant facts in his Report and Recommendation, the Court finds it unnecessary to repeat those events in this Order except to the extent required to resolve the instant Motions for Summary Judgment.

amendment of the United States Constitution. Honeycutt alleged that Wilson likewise violated the fourth amendment's prohibition against unreasonable seizures when he failed to intervene and stop Mitchell from further use of excessive force. Honeycutt also contended that Mitchell violated Honeycutt's fourteenth amendment rights when Mitchell failed to authorize medical care for the injuries that Mitchell allegedly inflicted and that Honeycutt suffered during the arrest. Relief for these alleged constitutional deprivations is sought under title 42, section 1983 of the United States Code.

In determining whether summary judgment is appropriate as Mitchell and Wilson have requested, the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether Mitchell or Wilson] is entitled to judgment as a matter of law." Rule 56(c), supra. The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

As stated, Honeycutt's claim that he was denied his right to be free from excessive force is grounded in the fourth amendment of the United States Constitution, which

guarantees citizens "[t]he right . . . to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. amend. IV.[2] Mitchell, in challenging this claim, has argued that he is qualifiedly immune from suit. Since Mitchell has raised this affirmative defense, the burden rests with Honeycutt to show that Mitchell's actions fall outside the scope of immunity. E.g., Weigel v. Broad, 544 F.3d 1143, 1151 (10th Cir. 2008). Although the two-step sequence for resolving Mitchell's entitlement to qualified immunity set forth in Saucier v. Katz, 533 U.S. 194 (2001), is no longer "regarded as mandatory in all cases," Pearson v. Callahan, 129 S. Ct. 808, 818 (2009), the Court has employed Saucier's protocol in this case.

Accordingly, the Court has first considered whether the facts show that Mitchell's conduct violated a constitutional right. E.g., 533 U.S. at 201. If Honeycutt has made the necessary showing, the Court will then consider whether that right was clearly established at the time of Mitchell's alleged misconduct. E.g., id.

Honeycutt's fourth amendment claim rests on the following allegations:

"At the time of arrest, the plaintiff advised . . . Mitchell[ ] and Wilson . . . [t]hat the plaintiff had previously . . . that year sustained a back injury. The plaintiff asked that the officer[s] be careful, that the plaintiff would not in any manner, style, or form resist any search[ ] or arrest. . . .

During that . . . arrest . . . Mitchell [ ]shoved[,] slamming the plaintiff into the side of the pickup. Then . . . [w]ith . . . Wilson watching, . . . Mitchell jerked the plaintiff backwards then slammed his elbow into the plaintiff's mid[ ] and lower back causing sever[e] pain and back injury. . . . Mitchell then cuffed plaintiff from behind and started jerking the plaintiff around. . . ."

---

[2]Magistrate Judge Bacharach reviewed Honeycutt's claim that he was subjected to excessive force under the eighth amendment to the United States Constitution. The Court finds that this claim is more appropriately governed by the fourth amendment. E.g., Graham v. Connor, 490 U.S. 386, 395 (1989)(claims that law enforcement officers used excessive force in course of an arrest analyzed under fourth amendment and its "reasonableness" standard).

3

Amended Complaint at 2.

To state a claim of excessive force under the fourth amendment and establish liability under section 1983, a plaintiff must show that a "seizure" occurred and that the seizure was "unreasonable." E.g., Brower v. County of Inyo, 489 U.S. 593, 599 (1989).

There is no dispute that Honeycutt was "seized" for purposes of the fourth amendment when Mitchell arrested him. Thus, the Court has focused on whether Honeycutt has sufficiently demonstrated for purposes of Rule 56 that the force Mitchell used was unreasonable. If Honeycutt has made the necessary showing as to the unreasonableness of Mitchell's actions and "prove[n] that . . . [Mitchell] used greater force that would have been reasonably necessary to effect a lawful arrest, . . . [Honeycutt] is entitled to damages resulting from that excessive force," Cortez v. McCauley, 478 F.3d 1108, 1127 (10th Cir. 2007), absent further inquiry into Mitchell's entitlement to qualified immunity.

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene," Graham v. Connor, 490 U.S. 386, 396 (1989), recognizing "the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." Id. at 397. In determining whether Mitchell's conduct was constitutional, the Court is mindful that the United States Supreme Court has "cautioned against finding every 'push or shove' by a police officer a [f]ourth [a]mendment violation." Grass v. Johnson, 2009 WL 997346 *3 (10th Cir. 2009) (citing Graham, 490 U.S. at 396)(cited pursuant to Tenth Cir. Rule 32.1(A)).

"'[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting . . . [him], without regard to . . . [his] underlying intent or motivation." Graham, 490 U.S. at 397 (citations omitted). Examination of the factual circumstances of this case requires consideration of relevant factors such as "the severity of the crime at issue, whether . . . [Honeycutt] pose[d] an immediate threat to the safety of . . . [Mitchell] and others, and whether [Honeycutt was] actively resisting arrest or attempting to evade arrest by flight." Id. at 396 (citing Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)(the question is "whether the totality of the circumstances justifie[s] a particular sort of . . . seizure")). Likewise, the Court must "assess[ ] . . . the degree of force actually used . . . to determine if the force was excessive." Wells v. State of Oklahoma ex rel. Department of Public Safety, 1996 WL 557722 *3 (10th Cir. 1996)(cited pursuant to Tenth Cir. R. 32.1(C))(citing Garner, 471 U.S. at 8-9). "[T]hese factors [aid the Court in] 'evaluat[ing] the force used in a given arrest . . . against the force reasonably necessary to effect a lawful arrest . . . under the circumstances of the case.'" Cardenas v. Fisher, 307 Fed. Appx. 122, 125 (10th Cir. 2009)(quoting Cortez, 478 at 1126)(cited pursuant to Tenth Cir. R. 32.1(A)).

Having determined that Honeycutt's version of the facts is not supported by the undisputed evidence in this case,[3] the Court finds that he has failed to show that Mitchell's

---

[3]Generally, a court in ruling on a motion for summary judgment, particularly, in qualified immunity cases, "are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007)(citation omitted). However,

"[w]hen opposing parties tell two different stories, one of which is blatantly

5

conduct during the arrest under the totality of the circumstances was "patently unreasonable." Cortez, 478 F.3d at 1131). Accordingly, the Court finds no violation of Honeycutt's fourth amendment right against excessive force occurred, and that such finding renders consideration of the second prong of Mitchell's affirmative defense unnecessary.

The Court's ruling that Mitchell did not violate Honeycutt's fourth amendment right against excessive force also requires a finding that Wilson (assuming arguendo that he was present[4] at the time Honeycutt was arrested) did not deprive Honeycutt of any constitutionally protected rights by allegedly failing to intervene during Mitchell's alleged use of excessive force and by failing to come to Honeycutt's aid.

Finally, the Court has considered Honeycutt's claim that Mitchell at the time Honeycutt was being administratively processed at the Blackwell Police Department failed to provide adequate medical care for the injuries he allegedly inflicted during the arrest. Conditions of confinement claims, including denial of medical treatment, of pretrial detainees, such as Honeycutt, are analyzed under the due process clause of the fourteenth amendment, rather than under the eighth amendment.[5] E.g., Bell v. Wolfish,

---

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."

Id. at 380 (applying rule when videotape clearly contradicted nonmovant respondent's version of events).

[4]"Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997)(citation omitted).

[5]Although Magistrate Judge Bacharach relied solely upon the eighth amendment, the Court agrees with his ultimate findings and conclusions.

441 U.S. 520, 537 n.16 (1979). See, e.g., City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983)(in cases involving pretrial detainees, eighth amendment has no direct application). However, because the rights of pretrial detainees under the fourteenth amendment are comparable to, and as least as great as, the rights of prisoners under the eighth amendment, the Court has applied eighth amendment standards to the facts in this case. E.g., Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(due process clause governs pretrial detainees' claims of unconstitutional conditions of confinement but "[e]ighth [a]mendment standard provides the benchmark for such claims").

To determine whether the events that occurred on September 30, 2007, during the administrative processing, denied Honeycutt due process of law, the Court must determine whether Honeycutt was deprived of "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Court's inquiry involves an objective as well as a subjective component, both of which must be satisfied. Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (citations omitted). The challenged condition to which the pretrial detainee was subjected must have been extreme and must have posed an unreasonable risk of serious damage to the detainee's health. In this connection, "[t]he objective component . . . is met if the 'harm suffered [as a result of this condition] rises to a level "sufficiently serious" to be cognizable under . . .' the [e]ighth [a]mendment." Martinez v. Beggs, 2009 WL 1058058 *4 (10th Cir. 2009)(quoting Mata v. Saiz, 427 F.3d 748, 753 (10th Cir. 2005)(quoting Farmer, 511 U.S. at 834)).

The second component requires proof that the officer in question had "a 'sufficiently culpable state of mind.'" 511 U.S. at 834 (citations omitted). "[T]hat state of mind is one

7

of 'deliberate indifference' to . . . [the detainee's] health or safety." Id. (citations omitted). A plaintiff need not however establish that the officer "acted or failed to act believing that harm actually would befall . . . [the detainee]; it is enough that the offic[er] acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842 (citation omitted). Thus, an officer "cannot be found liable . . . unless the offic[er] kn[ew] of and disregard[ed] an excessive risk to [the detainee's] . . . health or safety; the offic[er] must [have been] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Id. at 837.

In his amended complaint, Honeycutt has alleged in support of this claim that he told Mitchell about his back problems and pain and that Mitchell inter alia denied his requests to be taken to a hospital. "Under the [f]ourteenth [a]mendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates under the [e]ighth [a]mendment." Martinez, 2009 WL 1058058 *4 (quoting Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir. 1985)). The Court finds even assuming under the circumstances of this case that the alleged harm, if any, caused by the denial or the delay in medical care as demonstrated by the evidence is "objectively, 'sufficiently serious,'" 511 U.S. at 834 (citations omitted), to satisfy Farmer's objective prong and support a claim under the fourteenth amendment, e.g., id. (prison official's act or omission must result in denial of minimal civilized measure of life's necessities), the Court finds that Honeycutt has failed to establish a genuine dispute regarding whether Mitchell acted with the requisite state of mind.

To survive Mitchell's request for summary judgment, Honeycutt must show that Mitchell acted with "'more than ordinary lack of due care for . . . [his] interests or safety.'" 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). He must show under Rule 56 standards that Mitchell "kn[ew] of and disregard[ed] an excessive risk to . . . [his] health or safety[.]" Id. at 837. As stated, Honeycutt must establish that Mitchell was "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[ew] the inference." Id.

The Court finds there is no evidence for purposes of Rule 56 to support a finding that Mitchell either knew, because of observable symptoms or Honeycutt's comments, that Honeycutt was suffering from back problems or pain or support a finding that Mitchell "'consciously disregar[ded],'" 511 U.S. at 839, the same. There is no evidence that Mitchell during the administrative processing subjectively appreciated any medical risk to Honeycutt caused by his actions during the arrest and then proceeded to ignore such risk or that Mitchell knew that his actions or his inaction would exacerbate any serious physical or medical condition that Honeycutt was then experiencing.

Accordingly, the Court finds that Mitchell (to the extent, if any, he was involved in this claimed deprivation[6]) is entitled to summary judgment on Honeycutt's fourteenth amendment due process claim that is grounded on allegations of inadequate medical care.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 145] filed on March 31, 2009;

---

[6]As stated, "[i]ndividual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation." Foote, 118 F.3d at 1423-24 (citation omitted).

(2) FINDS Mitchell, both in his official capacity[7] and in his individual capacity, is entitled to judgment as a matter of law under Rule 56, supra, on those claims asserted against him by Honeycutt and GRANTS Mitchell's Motion for Summary Judgment [Doc. 113] filed on November 7, 2008;

(3) likewise FINDS Wilson is entitled to judgment as a matter of law under Rule 56, supra, on the claim asserted against him by Honeycutt and GRANTS Wilson's Motion for Summary Judgment [Doc. 116] filed on November 10, 2008; and

(4) in light of the Court's findings with regard to Wilson's liability, deems MOOT Honeycutt's request under Rule 56(f), F.R.Civ.P., that he be permitted additional time to conduct discovery.

ENTERED this 20th day of May, 2009.

_____
LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[7] In his response to Mitchell's Motion for Summary Judgment, Honeycutt conceded that he was not pursuing any claims against Mitchell in his official capacity.