IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
MAY 20 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY W.H.         DEPUTY

THOMAS L. HONEYCUTT, )
)
Plaintiff, )
)
vs. ) No. CIV-08-140-W
)
JOHN W. MITCHELL et al., )
)
Defendants. )

## ORDER

On April 3, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation regarding the Motion for Summary Judgment filed pursuant to Rule 56(c), F.R.Civ.P., by defendants Stephanie Ringgold and Shirley Alberty. Magistrate Judge Bacharach recommended that the Court grant summary judgment in Alberty's favor on all claims asserted against her by plaintiff Thomas L. Honeycutt. He further recommended that the Court grant in part and deny in part the motion to the extent Ringgold contended she was entitled to summary judgment on the claims Honeycutt had asserted against her.

The defendants and plaintiff Thomas L. Honeycutt were advised of their right to object, and the matter now comes before the Court on Honeycutt's Objection to Report and Recommendation and Ringgold's Objection to the Report and Recommendation. Upon de novo review of the record,[1] the Court concurs with Magistrate Judge Bacharach's

---

[1] Because the parties are familiar with the events giving rise to this lawsuit and because Magistrate Judge Bacharach set forth the relevant facts in his Report and Recommendation, the Court finds it unnecessary to repeat those events in this Order except to the extent required to resolve the issues raised in the instant Motion for Summary Judgment.

suggested disposition of these defendants' Motion for Summary Judgment to the extent stated herein.

Honeycutt was arrested on September 30, 2007, and he was thereafter incarcerated in the Kay County Detention Center ("KCDC") from October 1, 2007, to March 13, 2008. Prior to his arrest, Honeycutt had injured his back.

He requested and received medical treatment for his back from a nurse during his incarceration at KCDC. He was likewise examined and treated for back pain by physicians on four (4) different occasions during this same period of incarceration.

Likewise during his incarceration at KCDC, Honeycutt received three (3) meals per day. For no more than two (2) days and at most, for only two (2) meals, Honeycutt lacked beverage cups and/or utensils.

Also, during his incarceration, Honeycutt discovered a leak in the drain in his cell. The problem, despite attempts to fix the same, lasted approximately three (3) days. During this time, fumes from the sulphuric acid that had been poured down the cell drain and raw sewage leaked from the drain into the cell. Honeycutt was permitted outside of his cell during the daytime, but he was required to sleep in that cell at night.

At the time Honeycutt brought this action he was proceeding pro se, and in his amended complaint, he alleged that Ringgold, who is employed by the Kay County Sheriff's Office as KCDC Jail Administrator, was deliberately indifferent to his medical needs, that she subjected him to inhumane conditions of confinement, that she interfered with the grievance process and with his ability to collect and forward the necessary filing fee to the Clerk of the Court and that she retaliated against him during his incarceration at KCDC. Honeycutt alleged that Alberty, who is employed as KCDC Kitchen Supervisor,

also subjected him to inhumane conditions of confinement and retaliated against him during his incarceration. Honeycutt sought relief under title 42, section 1983 of the United States Code.

In determining whether summary judgment is appropriate as Ringgold and Alberty have requested, the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether Ringgold or Alberty] is entitled to judgment as a matter of law." Rule 56(c), supra. The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249. Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Alberty, in challenging the claims asserted against her, has argued that she is qualifiedly immune from suit. Since she has raised this affirmative defense, the burden rests with Honeycutt to show that Alberty's actions fall outside the scope of immunity. E.g., Weigel v. Broad, 544 F.3d 1143, 1151 (10th Cir. 2008). Although the two-step sequence for resolving Alberty's entitlement to qualified immunity set forth in Saucier v. Katz, 533

U.S. 194 (2001), is no longer "regarded as mandatory in all cases," Pearson v. Callahan, 129 S. Ct. 808, 818 (2009), the Court has employed Saucier's protocol in this case.

Accordingly, the Court has first considered whether the facts taken in the light most favorable to Honeycutt show that Alberty's conduct violated a constitutional right. E.g., 533 U.S. at 201. If Honeycutt has made the necessary showing, the Court will then consider whether that right was clearly established at the time of Alberty's alleged misconduct. Id.

Conditions of confinement claims of pretrial detainees, such as Honeycutt, are analyzed under the due process clause of the fourteenth amendment, rather than under the eighth amendment. E.g., Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979). See, e.g., City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983)(in cases involving pretrial detainees, eighth amendment has no direct application). However, because the rights of pretrial detainees under the fourteenth amendment are comparable to, and as least as great as, the rights of prisoners under the eighth amendment, the Court has applied eighth amendment standards to the facts in this case. E.g., Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(due process clause governs pretrial detainees' claims of unconstitutional conditions of confinement but "[e]ighth [a]mendment standard provides the benchmark for such claims").

To determine whether the events about which Honeycutt has complained–failure to provide adequate food portions, beverages and eating utensils–that occurred during his incarceration at KCDC denied him due process of law, the Court must determine whether Honeycutt was deprived of "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Court's inquiry involves an objective as well as a subjective component, both of which must be satisfied. Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (citations omitted). The challenged condition to which the pretrial detainee was subjected must have been extreme and must have posed an unreasonable risk of serious damage to the detainee's health or safety. In this connection, "[t]he objective component . . . is met if the 'harm suffered [as a result of the challenged condition] rises to a level "sufficiently serious" to be cognizable under . . .' the [e]ighth [a]mendment." Martinez v. Beggs, 2009 WL 1058058 *4 (10th Cir. 2009)(quoting Mata v. Saiz, 427 F.3d 748, 753 (10th Cir. 2005)(quoting Farmer, 511 U.S. at 834)).

The second component requires proof that the defendant in question had "a 'sufficiently culpable state of mind.'" 511 U.S. at 834 (citations omitted). "[T]hat state of mind is one of 'deliberate indifference' to . . . [the detainee's] health or safety." Id. (citations omitted). A plaintiff need not however establish that the defendant "acted or failed to act believing that harm actually would befall . . . [the detainee]; it is enough that the . . . [defendant] acted or failed to act despite . . . [her] knowledge of a substantial risk of serious harm." Id. at 842 (citation omitted). Thus, a defendant "cannot be found liable . . . unless the . . . [defendant] kn[ew] of and disregard[ed] an excessive risk to [the detainee's] . . . health or safety; the . . . [defendant] must [have been] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [s]he must also [have] draw[n] the inference." Id. at 837.

As Magistrate Judge Bacharach found, Honeycutt's claims that he was denied adequate food or adequate nutritional food and that he was deprived of beverages or eating utensils on occasion fail to satisfy "[t]he objective component . . . [which requires, as stated, that] the 'harm suffered [as a result of the challenge condition] rise[ ] to a level

5

"sufficiently serious" to be cognizable under . . .' the [e]ighth [a]mendment." Martinez, 2009 WL 1058058 *4 (quoting Mata, 427 F.3d at 753 (quoting Farmer, 511 U.S. at 834)). Having so determined, the Court finds it unnecessary to address Honeycutt's evidence, if any, in connection with the subjective prong of these conditions of confinement claims as to this defendant and equally unnecessary to consider the second prong of Alberty's affirmative defense as to these claims.

The Court further finds, absent evidence of Honeycutt's own victimization, that Alberty as well as Ringgold is entitled to judgment as a matter of law on Honeycutt's claims of retaliation, as such claims are now set forth in the amended complaint.

In addressing the remaining claims asserted by Honeycutt against Ringgold, the Court finds that Ringgold has likewise contended that she is entitled to the affirmative defense of qualified immunity to all such claims save one.[2] Accordingly, the burden rests with Honeycutt to show that Ringgold's actions fall outside the scope of immunity. E.g., Weigel, 544 F.3d at 1151.

Again, employing Saucier's protocol in connection with these claims, the Court has first considered whether the facts taken in the light most favorable to Honeycutt show that Ringgold's conduct violated a constitutional right. E.g., 533 U.S. at 201. If so, the Court will then consider whether that right was clearly established at the time Ringgold acted. E.g., id.

---

[2]Magistrate Judge Bacharach found that Ringgold failed to address Honeycutt's claim that she failed to comply with Magistrate Judge Bacharach's Order directing her to collect and forward payments for Honeycutt's filing fee.

Conditions of confinement claims asserted by pretrial detainees such as Honeycutt include claims grounded on the denial or delay of medical treatment, and "[u]nder the [f]ourteenth [a]mendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates under the [e]ighth [a]mendment." Martinez, 2009 WL 1058058 *4 (quoting Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir. 1985)). The Court finds even assuming under the circumstances of this case that the alleged harm, if any, caused by the denial or the delay in medical care[3] is "objectively, 'sufficiently serious,'" 511 U.S. at 834 (citations omitted), to satisfy Farmer's objective prong and to support a claim under the fourteenth amendment, e.g., id. (prison official's act or omission must result in denial of minimal civilized measure of life's necessities), the Court finds that Honeycutt has failed to establish a genuine dispute regarding whether Ringgold acted with the requisite state of mind.

To survive Ringgold's request for summary judgment, Honeycutt must show that Ringgold acted with "'more than ordinary lack of due care for . . . [his] interests or safety.'" 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). He must show under Rule 56 standards that Ringgold "kn[ew] of and disregard[ed] an excessive risk to . . . [his] health or safety[.]" Id. at 837. That is, as stated, Honeycutt must establish that Ringgold was "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] [s]he . . . also dr[ew] the inference." Id.

---

[3] Honeycutt has contended that he was refused treatment at a hospital on the day he arrived at KCDC, that he was denied a medical examination for forty (40) days and that he was denied treatment for a hernia.

The Court finds there is no evidence for purposes of Rule 56 to support a finding that Ringgold either knew, because of observable and obvious symptoms,[4] that Honeycutt was suffering from back problems or other pain or support a finding that Ringgold "'consciously disregar[ded],'" 511 U.S. at 839, the same and denied Honeycutt access to a hospital. Furthermore, there is no evidence that Ringgold had the authority to determine the importance or immediate need of medical care or treatment and/or that she subjectively appreciated any medical risk to Honeycutt and deliberately and indifferently delayed necessary medical treatment or hospitalization. Accordingly, the Court finds that Ringgold is entitled to summary judgment and is qualifiedly immune as to Honeycutt's fourteenth amendment due process claims that are grounded on allegations of the denial of, or the delay in, medical care and treatment.

In resolving Honeycutt's remaining conditions of confinement claim against Ringgold based upon the leak in his cell, the Court must again determine whether Honeycutt was denied due process of law because he was deprived of "humane conditions of confinement." 511 U.S. at 832. As stated, the Court's inquiry involves an objective as well as a subjective component, both of which must be satisfied. Id. at 834.

The Court finds that the deprivation Honeycutt has alleged is "objectively, 'sufficiently serious.'" Id. (citations omitted). The exposure to sulphuric acid fumes and raw sewage for three (3) consecutive nights was sufficiently extreme and posed an unreasonable risk of serious damage to Honeycutt's health and safety to be cognizable under the fourteenth amendment as evaluated under eighth amendment standards.

---

[4]E.g., Self v. Crum, 439 F.3d 1127 (10th Cir. 2006).

The second component of Honeycutt's cause of action, as previously noted, requires proof that Ringgold had "a 'sufficiently culpable state of mind,'" 511 U.S. at 834 (citations omitted) and that she acted with "'deliberate indifference' to . . . [Honeycutt's] health or safety," id. (citations omitted) by failing to relocate him at night. To survive summary judgment, Honeycutt is not required to establish that Ringgold "acted or failed to act believing that harm actually would befall . . . [him]; it is enough that . . . [Ringgold] acted or failed to act despite . . . [her] knowledge of a substantial risk of serious harm." Id. at 842 (citation omitted).

The Court finds that Honeycutt has demonstrated a genuine issue of material fact with regard to Ringgold's culpability and whether she acted with deliberate indifference to Honeycutt's health and safety. Such finding renders summary judgment on this claim in Ringgold's favor in appropriate.

Thus, having found based upon Honeycutt's version of the facts that Ringgold deprived Honeycutt of his fourteenth amendment due process right to humane conditions of confinement, the Court would ordinarily at this juncture determine, as required by Saucier, whether that constitutional right was clearly established at the Ringgold acted. Ringgold, however, has not questioned that Honeycutt had a clearly established right to be free from raw sewage and sulphuric acid fumes in his jail cell. Thus, the Court finds that Ringgold is not entitled to qualified immunity on this claim.

Finally, the Court has considered Honeycutt's contention that Ringgold denied his right to due process because she interfered with the grievance procedure and because she failed to comply with Magistrate Judge Bacharach's Order issued on February 11, 2008, that directed Kay County Jail Officials to collect payments when Honeycutt's prison trust

account exceeded $10.00 and forward said payments to the Clerk of this Court until Honeycutt's filing fee was paid in full. As Magistrate Bacharach found and for the reasons he stated, Ringgold is entitled to summary judgment on Honeycutt's contention relating to the grievance procedure.

In connection with Honeycutt's contention in his amended complaint that

> "Kay County jail authorities refused to comply with this court's Order of agency having [custody] to collect 20% of plaintiff['s] account when that account exceeds $10.00 for the month,"

Amended Complaint at 5, the Court finds sua sponte that Ringgold is entitled to judgment as a matter of law. To prevail on a cause of action based upon an alleged denial of due process of law and particularly, the denial of access to court caused by official action that has allegedly frustrated a plaintiff in litigating his lawsuit and interfered with his ability to prosecute his claims, Honeycutt is required to show that Ringgold's action or inaction caused actual injury. As Magistrate Judge Bacharach noted in his Report and Recommendation, "[t]he alleged lapse appears to [have] benefit[ted] . . . Honeycutt by allowing him to avoid installment payments on the filing fee," and the Court finds that neither the pleadings, nor the papers filed in this matter contain allegations of, or demonstrate, any actual injury sustained by Honeycutt because of Ringgold's alleged delay in collecting and forwarding payment of the filing fee.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 146] filed on April 3, 2009, to the extent stated herein;

(2) GRANTS the Motion for Summary Judgment [Doc. 118] filed on November 11, 2008, to the extent the Court FINDS that Alberty is entitled to judgment as a matter of law under Rule 56, supra, on all claims Honeycutt has asserted against her;

(3) GRANTS this same Motion for Summary Judgment to the extent the Court finds that Ringgold is entitled to judgment as a matter of law under Rule 56, supra, on Honeycutt's claims asserted against her based upon his allegations that she was deliberately indifferent to his serious medical needs, that she interfered with the grievance process, that she retaliated against him and that she failed to comply with Magistrate Judge Bacharach's Order to collect and forward money for payment of Honeycutt's filing fee; and

(4) DENIES this same Motion for Summary Judgment to the extent the Court finds that Ringgold is not entitled to the affirmative defense of qualified immunity on Honeycutt's claim based upon the leak in his cell at KCDC.

ENTERED this 20th day of May, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE