IN THE UNITED STATES DISTRICT COURT FOR **FILED**

THE WESTERN DISTRICT OF OKLAHOMA     MAY 2 0 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

THOMAS L. HONEYCUTT,            )
                                )
            Plaintiff,          )
                                )
vs.                             )        No. CIV-08-140-W
                                )
JOHN W. MITCHELL et al.,        )
                                )
            Defendants.         )

## ORDER

On April 9, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation regarding the Motion for Summary Judgment filed pursuant to Rule 56(c), F.R.Civ.P., by plaintiff Thomas L. Honeycutt, then proceeding pro se, seeking judgment as a matter of law on those claims he had asserted in his amended complaint, likewise filed pro se, against defendant Stephanie Ringgold. Magistrate Judge Bacharach recommended that the Court deny the motion, and he advised Ringgold and Honeycutt of their right to object.

The matter now comes before the Court on Honeycutt's Objection to the Court's Report and Recommendation. Upon de novo review of the record,[1] the Court concurs with Magistrate Judge Bacharach's suggested disposition of Honeycutt's Motion for Summary Judgment.

Honeycutt was arrested on September 30, 2007, and he was thereafter incarcerated in the Kay County Detention Center ("KCDC") from October 1, 2007, to March 13, 2008.

_____

[1]Because the parties are familiar with the events giving rise to this lawsuit and because Magistrate Judge Bacharach set forth the relevant facts in his Report and Recommendation, the Court finds it unnecessary to repeat those events in this Order except to the extent required to resolve the issues raised in the instant Motion for Summary Judgment.

Honeycutt alleged in his amended complaint that Ringgold, who is employed by the Kay County Sheriff's Office as KCDC Jail Administrator, was deliberately indifferent to his medical needs, that she subjected him to inhumane conditions of confinement, that she interfered with the grievance process and with his ability to collect and forward the necessary filing fee to the Clerk of the Court and that she retaliated against him during his incarceration at KCDC.  Honeycutt sought relief under title 42, section 1983 of the United States Code.

In his Motion for Summary Judgment, Honeycutt has argued that he is entitled to summary judgment on his claims involving his conditions of confinement at KCDC, inadequate medical care and attention, inadequacies in the grievance procedure and deficiencies in the meals served at KDCD.  Because the Court this date has granted summary judgment in Ringgold's favor on Honeycutt's claims based on his complaints about the lack of medical care and about Ringgold's alleged interference with the grievance procedure, the Court finds Honeycutt is not entitled to summary judgment on these claims.

In connection with the two remaining claims for which Honeycutt has sought summary judgment, the Court must decide whether "there is no genuine issue as to any material fact and . . . [whether Honeycutt] is entitled to judgment [on these claims] as a matter of law." Rule 56(c), supra.  The Court at this stage of the litigation does not evaluate the credibility of the witnesses, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), or "weigh the evidence and determine the truth of the matter . . . ." Id. at 249.  Rather, the Court must decide "whether there is a genuine issue for trial . . . [and] there is no [triable] issue . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is

2

not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). The Court's inquiry must be whether the evidence, when viewed "through the prism of the substantive evidentiary burden," id. at 254, "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Conditions of confinement claims of pretrial detainees, such as Honeycutt, are analyzed under the due process clause of the fourteenth amendment, rather than under the eighth amendment. E.g., Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979). See, e.g., City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983)(in cases involving pretrial detainees, eighth amendment has no direct application). However, because the rights of pretrial detainees under the fourteenth amendment are comparable to, and as least as great as, the rights of prisoners under the eighth amendment, the Court has applied eighth amendment standards to the facts in this case. E.g., Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(due process clause governs pretrial detainees' claims of unconstitutional conditions of confinement but "[e]ighth [a]mendment standard provides the benchmark for such claims").

During his incarceration, Honeycutt discovered a leak in the drain in his cell. The problem, despite attempts to fix the same, lasted approximately three (3) days. During this time, fumes from the sulphuric acid that had been poured down the cell drain and raw sewage leaked from the drain into the cell. Honeycutt was permitted outside of his cell during the daytime, but he was required to sleep in that cell at night.

To determine whether these events denied him due process of law, the Court must determine whether Honeycutt was deprived of "humane conditions of confinement."

3

Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Court's inquiry involves an objective as well as a subjective component, both of which must be satisfied. Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (citations omitted). The challenged condition to which Honeycutt was subjected must have been extreme and must have posed an unreasonable risk of serious damage to his health or safety. In this connection, "[t]he objective component . . . is met if the 'harm suffered [as a result of the challenged condition] rises to a level "sufficiently serious" to be cognizable under . . .' the [e]ighth [a]mendment." Martinez v. Beggs, 2009 WL 1058058 *4 (10th Cir. 2009)(quoting Mata v. Saiz, 427 F.3d 748, 753 (10th Cir. 2005)(quoting Farmer, 511 U.S. at 834)).

The second component requires proof that Ringgold had "a 'sufficiently culpable state of mind.'" 511 U.S. at 834 (citations omitted). "[T]hat state of mind is one of 'deliberate indifference' to . . . [Honeycutt's] health or safety." Id. (citations omitted). Honeycutt is not required to establish that Ringgold "acted or failed to act believing that harm actually would befall . . . [Honeycutt]; it is enough that . . . [Ringgold] acted or failed to act despite . . . [her] knowledge of a substantial risk of serious harm." Id. at 842 (citation omitted). Thus, Ringgold "cannot be found liable . . . unless . . . [she] kn[ew] of and disregard[ed] an excessive risk to [Honeycutt's] . . . health or safety; [Ringgold] . . . must [have been] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [s]he must also [have] draw[n] the inference." Id. at 837.

As the Court has found in its Order addressing Ringgold's Motion for Summary Judgment, the deprivation Honeycutt has alleged is "objectively, 'sufficiently serious.'" Id.

4

(citations omitted).  The exposure to sulphuric acid fumes and raw sewage for three (3) consecutive nights was sufficiently extreme and posed an unreasonable risk of serious damage to Honeycutt's health and safety to be cognizable under the fourteenth amendment as evaluated under eighth amendment standards.

The second component of Honeycutt's cause of action, as previously noted, requires proof that Ringgold had "a 'sufficiently culpable state of mind,'" 511 U.S. at 834 (citations omitted) and that she acted with "'deliberate indifference' to . . . [Honeycutt's] health or safety," id. (citations omitted), by failing to relocate him.  The Court has already determined in that same Order addressing Ringgold's Motion for Summary Judgment that there is a genuine issue of material fact with regard to Ringgold's culpability and whether she was deliberately indifferent to the substantial risks of serious harm created by the leak in Honeycutt's jail cell.  Such dispute renders summary judgment in Honeycutt's favor inappropriate.

In connection with Honeycutt's claims that he was denied adequate food or adequate nutritional food and that he was deprived of beverages or eating utensils on occasion,[2] the Court finds these conditions of confinement fail to satisfy "[t]he objective component . . . [which requires, as stated, that] the 'harm suffered [as a result of the challenge condition] rise[ ] to a level "sufficiently serious" to be cognizable under . . .' the

---

[2]As Magistrate Judge Bacharach noted, in the amended complaint, this claim was asserted against co-defendant Shirley Alberty, KCDC Kitchen Supervisor.  In his Motion for Summary Judgment, however, Honeycutt has alleged that

"Ringgold failed to intervene into the kitchen supervisor's refusal to supply the eating utensils, to eat the meals with.  Along with parts of meals that defendant Alberty elected to withhold for reasons that [d]efendant Alberty was mad."

[e]ighth [a]mendment." <u>Martinez</u>, 2009 WL 1058058 *4 (quoting <u>Mata</u>, 427 F.3d at 753

(quoting <u>Farmer</u>, 511 U.S. at 834)). Having so determined, the Court finds it unnecessary

to address Honeycutt's evidence, if any, in connection with the second subjective prong

and Ringgold's culpability, if any.[3]

    Accordingly, the Court, finding that Honeycutt has advanced no grounds that warrant

judgment as a matter of law in his favor,

    (1) ADOPTS the Report and Recommendation [Doc. 148] filed on April 9, 2009; and

    (2) DENIES Honeycutt's Motion for Summary Judgment Against Defendant Ringgold

[Doc. 82] file-stamped July 14, 2008.

    ENTERED this 20th day of May, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[3]"Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation." <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423-24 (10th Cir. 1997)(citation omitted).